## THE STATE v. WM. STEELE.

SUPREME COURT, AUSTIN TERM, 1882.

*Constitutional law—Salary of Adjutant-General—Appropriation act does not change amount of lawful salary—Laws continued by present Constitution.*—Article 7143, Paschal's Digest, fixing the annual salary of the Adjutant-General at $3000, was in force when the present Constitution took effect, and as that instrument is silent as to the Adjutant-General, said article 7143 was continued in force, as law, by virtue of section 48, article 16, of that Constitution, and therefore until the taking effect of article 4467 of the Revised Statutes, fixing that officer's salary at $2000 per annum, he was entitled to $3000 per annum, notwithstanding the fact that the Legislature, after the Constitution took effect, and prior to the taking effect of the Revised Statutes, appropriated only $2500 for his annual salary.

*Same—process.*—In an action by the Adjutant-General against the State, under the act of April 4, 1881, to determine the question as to the plaintiff's salary, the State was properly brought into court by service of process upon the Governor and Attorney-General.

Appeal from Travis County.—Opinion by Gould, C. J.— At the time the present Constitution took effect, William Steele was Adjutant-General of the State, the law theretofore in force prescribing of that officer that: "His salary shall be three thousand dollars per annum." (P. D., art. 7143.) He continued to hold that office up to January 28, 1879, but after August, 1876, only $2500 per annum was appropriated by the acts making appropriations for the support of the State government for the salary of the Adjutant-General, and General Steele, of course, received only the amount so appropriated. This suit was brought under authority of an act approved April 4, 1881, authorizing the institution of suit against the

State to ascertain " what amount, if any, is due " him as Adjutant-General, between September 1, 1876 and January 28, 1879. The argument in support of the claim that General Steele was entitled to $3000 per annum during that period, is that the law fixing the salary at $3000 continued in force under the present Constitution, which says: "All laws and parts of laws now in force in the State of Texas, which are not repugnant to the Constitution of the United States nor this constitution, shall. continue and remain in force as the laws of this State, until they expire by their own limitation, or shall be amended or repealed by the Legislature." (Const., art. 16, sec. 48.)

It is denied that the law fixing the salary at $3000 was repealed by the acts making appropriations for the support of the State government, for it is said there is no express repeal, nor is there any manifest repugnancy in the laws. Reasons might exist for appropriating less than was known to be due, or the deficiency of the appropriation might be the result of mistake. It is not the policy of the law to leave the salaries of the State officials to be fixed only when the appropriations are made for their payment. Nor is it consistent with constitutional requirements to allow the law declaring that the salary of the Adjutant-General shall be three thousand dollars per annum to be amended so as to make the amount $2500, unless the section as amended " be re-enacted and published at length." (Const., art. 3, sec. 36.) These considerations tend strongly to the the conclusion the failure of the Legislature to make adequate appropriations for the salary of the Adjutant-General, as fixed by law, did not operate a repeal or amendment of that law, or defeat that officer's right to the full salary as fixed by the statute.

On the other side, reference is made to the Constitution, sec. 44, article 3, as follows: "The Legislature shall provide by law for the compensation of all officers, servants, agents and public contractors, not provided for in this constitution, but shall not * * * grant by appropriation or otherwise any amount of money out of the treasury of the State to any individual, on a claim, real or pretended, when the same shall not have been provided for by pre-existing law; nor employ any one in the name of the State unless authorized by pre-existing law."

As the Constitution is silent about the Adjutant-General and his salary, and as no other law, previous to the Revised Statutes, was enacted, under the Constitution, fixing the compensation of the Ad-

jutant-General, it is said that the salary of that officer must be fixed by the appropriation acts. The Constitution, it is said, adopted a system of reduced salaries, and it devolved on the Legislature the duty of conforming the compensation of officers not provided for in the Constitution to the same economical standard. This argument is not without force; but plainly, in cases where the Legislature failed to enact laws changing the compensation of officers whose pay was not specified in the Constitution, that compensation remained as fixed by former laws. We are left to conclude that the Legislature have simply been tardy in conforming the compensation of the Adjutant-General to the standard of the Constitution; or, on the other hand, to give the appropriation acts a construction and effect not in accordance with the policy of fixing the compensation of officials by pre-existing law, as indicated in the section of that instrument last cited, and in contravention of the mode prescribed for the amendment of statutes.

In our opinion, the latter alternative would be rejected, and the conclusion adopted that the law fixing the salary of the Adjutant-General at $3000 per annum remained in force until the Revised Statutes reduced the salary to $2000. (R. S., art. 4667.)

It in deemed unnecessary to notice the objections to the service, further than to say that the court did not err in holding that the State was properly brought into court by service on the Governor and Attorney-General. (Wheeler v. State, 8 Texas, 230; Chisholm v. Georgia, 2 Dallas, 419–452.) Nor do we think it important to say anything further in regard to the defense of estoppel, than that it was manifestly insufficient.

The judgment is affirmed.